IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
JOE HAND PROMOTIONS, INC.,        *
                                  *
     Plaintiff,                   *
                                  *
     v.                           *   CV 118-127
                                  *
VONCELLIES A. ALLEN,              *
individually and d/b/a/ LEVEL 9   *
SPORTS BAR AND GRILL,             *
                                  *
     Defendant.                   *
```

**O R D E R**

Before the Court is Plaintiff's motion for the Clerk's entry of default and Defendant's motion to set aside the default. Although the properly sought entry of default was never entered,[1] even had it been entered, the Court would have set it aside for good cause. Thus, the Court **DENIES** Plaintiff's motion for entry of default (Doc. 8) and **DENIES** as **MOOT** Defendant's motion to set aside the entry of default (Doc. 9).

**I. Background**

Plaintiff filed its complaint on August 14, 2018. (Compl., Doc. 1.) Defendant was served on August 23rd and failed to file

---

[1] Under Federal Rule of Civil Procedure 55(a), the Clerk must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Plaintiff showed by affidavit (Doc. 8-1) that Defendant failed to respond to the complaint within twenty-one days; thus, it would have been proper for the Clerk to enter a default against Defendant.

an answer by September 13th, as required. (Doc. 7.) On September 18, 2018, Plaintiff filed a motion for entry of default. To date, an entry of default has not been entered. On October 1st, Defendant filed a motion to set aside the default. (Mot. to Set Aside Default, Doc. 9.) Plaintiff has not responded to Defendant's motion to set aside the default. Attached to his motion, Defendant filed his answer. (Answer, Doc. 9-2.) Defendant filed his answer eighteen days after the deadline. (Id.)

**II. Standard for Setting Aside an Entry of Default**

Federal Rule of Civil Procedure 55(c) provides, "The court may set aside an entry of default for good cause." What constitutes "good cause" varies from case to case. Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). To determine whether there is good cause, courts have considered, but are not limited to, factors such as "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id. (citations omitted). Regardless of a court's chosen factors, "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. The Court also notes the Eleventh Circuit's "strong preference for deciding cases on the merits — not based on a single missed deadline — whenever reasonably possible." Perez

2

v. Wells Fargo, N.A., 774 F.3d 1329, 1332 (11th Cir. 2014); see also Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curium).

### III. Discussion

In determining whether there exists good cause to set aside the default, the Court finds that: (1) Defendant's lapse was not willful, (2) setting the default aside would not prejudice Plaintiff, and (3) Defendant presents a meritorious defense.

First, Defendant's failure to timely file was not willful. Courts will deem a default willful when the litigant displays "either an intentional or reckless disregard for the judicial proceedings." Compania, 88 F.3d at 951-52 (citation omitted). An action may be deemed intentional or reckless "when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance." Id. When a party delays because of "a good faith procedural error," courts will not consider that willful. Buonocore v. Credit One Bank, N.A., No. 3:14-CV-067, 2014 WL 6620623, at *2 (M.D. Ga. Nov. 21, 2014); see also Ajibade v. Harris, No. CV416-082, 2016 WL 2742406, at *1 (S.D. Ga. May 9, 2016) (not willful when mistakenly thought he had twenty-one weekdays to file an answer). Furthermore, courts are hesitant to deem a default willful when a litigant takes prompt action to cure. Compare Annon Consulting, Inc. v. BioNitrogen Holdings Corp., 650 F. App'x 729, 732 (11th Cir. 2016) (willful when defendant knew of

3

"clerk's initial entry of default and still failed to file a responsive pleading"), with Auto Owners Ins. Co. v. Sapp, No. 1:15-CV-90, 2017 WL 6210317, at *2 (M.D. Ga. Jan. 10, 2017) (not willful when "both parties acted promptly to cure").

Defendant states he failed to timely answer because he mistakenly believed he "had thirty days from receiving the complaint (and not twenty-one days) to answer it." (Allen Aff., Doc. 9-1, ¶ 3.) After learning of his default, Defendant "immediately began the process of hiring an attorney to assist [him] in answering the complaint and moving to open default." (Id. ¶ 5.) Defendant moved to set aside the default less than two weeks after receiving notice of Plaintiff's motion to enter a default. Because of Defendant's mistake as to the deadline and his prompt actions to cure, the Court finds his delay was not willful.

Second, setting aside the default would not prejudice Plaintiff. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, a plaintiff has to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." Griffin IT Media, Inc. v. Intelligentz Corp., No. 07-80535-CIV, 2008 WL 162754, at *3 (Jan. 16, 2008) (quoting Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006)) (court vacated default when defendant moved to set aside less than three weeks after clerk's entry).

4

Here, had the Clerk entered a default, the earliest it could have been entered was September 18, 2018. Defendant moved to set aside the default less than two weeks later. Defendant also filed his answer less than three weeks after the original deadline. Thus, the Court finds setting aside the default would not prejudice Plaintiff.

Lastly, Defendant has shown a potentially meritorious defense. In deciding whether Defendant meets this factor, the Court examines both Defendant's motion to set aside the default and his answer. To show a meritorious defense, "a defendant need only show a 'hint of a suggestion.'" Buonocore, 2014 WL 6620623, at *2 (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)). "[B]ald assertions," however, are insufficient. Sherrard v. Macy's Sys. & Tech., Inc., 724 F. App'x 736, 739 (11th Cir. 2018); see Sherrard v. Macy's Sys. & Tech, Inc., No. 1:16-cv-3322, 2016 WL 10567691, at *2 (Nov. 1, 2016) (defendant presented bald assertions when failed to provide a "proposed answer or even a recitation of the facts supporting its defenses").

Defendant argues he is not liable because any alleged violations "were caused by acts or omissions by persons or entities other than [himself], and [he] is not liable for those acts or omissions." (Answer at 1.) Defendant states he "considered purchasing the *Floyd Mayweather, Jr. v. Conor McGregor* boxing match to show at Level 9 Sports Bar," but he "was not at [the bar] when [the fight] occurred." (Allen Aff. ¶¶ 7-8.) If the fight was

5

shown, Defendant states, he "was not aware" of it. (Id. ¶ 9.) Although his defense is not expansive, Defendant provides more than merely "bald assertions" by filing an answer and citing facts supporting his defenses. Thus, the Court finds he has shown at least a "hint of a suggestion" of a meritorious defense.

Although Defendant need not prove he meets every factor, see Sherrard, 724 F. App'x at 739, the above factors illustrate he has shown good cause. Noting the Eleventh Circuit's strong preference for deciding cases on the merits, the Court finds it would have granted Defendant's motion to set aside the default had the default been entered.

## IV. Conclusion

Upon due consideration, the Court **DENIES** Plaintiff's motion for entry of default (Doc. 8) and **DENIES** as **MOOT** Defendant's motion to set aside the entry of default (Doc. 9).

**ORDER ENTERED** at Augusta, Georgia, this 13th day of October, 2018.

> J. RANDAL HALL, CHIEF JUDGE
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF GEORGIA