IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | * |
| Plaintiff, | * |
| v. | *   CV 118-127 |
| VONCELLIES A. ALLEN, individually and d/b/a Level 9 Sports Bar & Grill; and EURL KITTLES, | * |
| Defendants. | * |

O R D E R

Presently pending before the Court is Plaintiff Joe Hand Promotions, Inc.'s application for attorney's fees and costs. (Doc. 36.) For the reasons set forth below, this application is **GRANTED IN PART**.

I. BACKGROUND

On August 14, 2018, Plaintiff filed the instant case against Defendant Voncellies A. Allen for violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Communications Act of 1934, as amended: 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

On March 11, 2019, Plaintiff moved to amend the complaint to add Eurl Kittles as a defendant. Upon leave of court, Plaintiff filed the Amended Complaint on March 28, 2019, and timely served

Defendant Kittles. Defendant Kittles failed to appear, plead or otherwise defend; the Clerk entered default on May 10, 2019.

On March 19, 2020, the Court granted Plaintiff's motion for summary judgment and motion for default judgment and stated that upon resolution of the attorney's fees and costs issue, the Court will enter judgment in favor of Plaintiff against Defendants Allen and Kittles in the amount of $10,400, jointly and severally, with Defendant Kittles liable for an additional $3,000. (Doc. 35.) The Order then instructed Plaintiff to file its application for attorney's fees and costs within fourteen (14) days. Further, the Court noted that Plaintiff's claims under the Communications Act of 1934 remained pending and requested Plaintiff notify the Court within the same fourteen-day time period whether it intends to pursue the claims.

On March 23, 2020, Plaintiff filed an application for attorney's fees and costs, which included an affidavit from Plaintiff's counsel detailing the requested fees. Plaintiff did not address the Communications Act of 1934 issue.

On April 6, 2020, Defendant Allen filed a response and objection to the application contesting $450 in fees as non-recoverable. (Doc. 37.) The Court resolves these additional issues herein so judgment may be entered in favor of Plaintiff in this case.

## II. DISCUSSION

**A. Award of Fees**

With respect to attorney's fees and costs, Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also reward a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The Eleventh Circuit has held that Section 505 does not condition an award of fees on the showing of willful infringement or frivolous suit. <u>Original Appalachian Artworks, Inc. v. Toy Loft, Inc.</u>, 684 F.2d 821, 832 (11th Cir. 1982). It instead holds that "the only preconditions to an award of fees is that the party receiving the fee be the 'prevailing party' and that the fee be reasonable." <u>Id.</u>

This Court has already determined an award for attorney's fees and costs is justified in this case because the Copyright Act is a strict liability statute and there is no dispute Plaintiff's copyright was infringed by both Defendants. Further, Defendant Allen put Plaintiff through discovery and summary judgment to establish indisputable liability. There has been no further dispute over the fact attorney's fees and costs are warranted in this case. The only issue remaining for the Court to determine is what amount of fees and costs is reasonable.

3

Plaintiff claims attorney's fees in the amount of $4,905.00 and expenses of $772.53. This is based upon an hourly rate of $375.00 for Ronald D. Reemsnyder and $275.00 for an unidentified "Associate."[1] (See Reemsnyder Aff. ¶ 4.) Defendant responded and objected to the recovery of $450.00 in fees, submitting the fees were for "clerical tasks" that do not require the full exercise of an attorney's education and judgment, therefore making them non-recoverable. (Doc. 37.) All but $37.50 of the $450.00 is attributable to the Associate. Defendant did not further object to any of the fees or rates submitted by Plaintiff.

Courts have used various factors to determine awards of attorney's fees, but the Supreme Court has explicitly held that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. 'There is no precise rule or formula for making these determinations . . . .'" Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (quoting Hensley v. Eckerhart, 461 U.S. 424 (1983)).

As to Defendant's objection to the payment for clerical tasks, Defendant cited cases where courts have exercised their discretion to not allow recovery of fees for clerical work. But as stated above, there is no exact formula for how attorney's fees are to be awarded; that is, the Court is not bound to a rule precluding

---

[1] The billing statement identifies the Associate as JYR. It is unclear whether JYR is an attorney or a staff member. The Court notes that the only attorney of record in the case is Mr. Reemsnyder.

4

clerical tasks. The Court is simply bound to ensure the award is reasonable.

Nevertheless, because JYR is unidentified and thus, the Court has no basis to assess the reasonableness of his or her fee, particularly with respect to "clerical tasks," the Court will exercise its discretion and sustain Defendant's objection to the imposition of $450.00. The Court hereby awards Plaintiff attorney fees in the amount of $4,455.00 and costs of $772.53 totaling an award in the amount of $5,227.53.

### B. Communications Act of 1934 Claims

The Order of March 19, 2020 requested Plaintiff notify the Court of its intent to pursue the claims under the Communications Act of 1934. (Doc. 35.) Because Plaintiff did not indicate that it intended to pursue the claims, the Communications Act claims are deemed abandoned. The Court will therefore dismiss the claims.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Joe Hand Promotions, Inc.'s application for attorney's fees and costs (Doc. 36) is **GRANTED IN PART,** in the total amount of $5,227.53. Plaintiff's claims under the Communications Act of 1934 are **DISMISSED.**

The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff and against Defendants Allen and Kittles in the amount of $10,400,

jointly and severally, with Defendant Kittles liable for an additional $3,000 as ordered by this Court on March 19, 2020. The Clerk shall then **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of September, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA